UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DONNA BLALOCK; JAMES BLALOCK; WENDELL BROWN; DENNIS GODWIN; JAMES HANCOCK; SHIRLEY HANCOCK; THOMAS JAMES; MARY JAMES; TERRY KEIBLER; RITA KEYS; DAN KEYS; WILLIAM LINDSEY; LISA LINDSEY; BRIAN LOBB; JAMES LOVELL; EDWARD MOORE; and JULIUS RIDDICK,<br><br>Plaintiffs,<br><br>vs.<br><br>DEPUY ORTHOPAEDICS, INC.; THOMAS P. SCHMALZRIED, M.D., P.C.; and DOES 1-20,<br><br>Defendants. | Case No: C 11-04746 SBA<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR STAY AND DENYING PLAINTIFFS' MOTION TO REMAND**<br><br>Dkt. 5, 24 |

Plaintiffs Donna Blalock, James Blalock, Wendell Brown, Dennis Godwin, James Hancock, Shirley Hancock, Thomas James, Mary James, Terry Keibler, Rita Keys, Dan Keys, William Lindsey, Lisa Lindsey, Brian Lobb, James Lovell, Edward Moore and Julius Riddick (collectively "Plaintiffs") bring the instant products liability action against DePuy Orthopaedics, Inc. ("DePuy") and Thomas P. Schmalzried, M.D., a professional corporation ("Schmalzried"). The parties are presently before the Court on: (1) DePuy's Motion for Stay, Dkt. 5, and (2) Plaintiffs' Motion to Remand, Dkt. 24. Having read and considered the papers filed in connection with this matter, and being fully informed, the Court hereby GRANTS Defendant's Motion for Stay and DENIES Plaintiffs' Motion to Remand. The Court, in its discretion, finds these matters suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b).

## I. BACKGROUND

On August 24, 2011, Plaintiffs filed a Complaint in the San Francisco County Superior Court alleging that they suffered personal injuries as a result of Pinnacle Acetabular Cup System implants manufactured and sold by DePuy. Notice of Removal ¶¶ 1-2, Dkt. 1, Ex. 4, Complaint. Depuy removed the action on September 22, 2011, on the basis of diversity jurisdiction. Id. ¶ 5. Although two of the Plaintiffs and Schmalzried are not diverse, Depuy alleged that Schmalzried was fraudulently joined and that his citizenship should therefore be disregarded for purposes of removal jurisdiction.

Prior the commencement of this lawsuit, the Judicial Panel on Multidistrict Litigation ("the MDL Panel") established MDL No. 2244 to coordinate federal actions sharing "factual questions as to whether DePuy's Pinnacle Acetabular Cup System, a device used in hip replacement surgery, was defectively designed and/or manufactured, and whether defendants failed to provide adequate warnings concerning the device." In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prods. Liab. Litig., 787 F. Supp. 2d 1358, 1360 (J.P.M.L. 2011).[1] On September 27, 2011, DePuy moved to stay all proceedings in this action "pending its likely transfer" to the designated MDL court. The MDL panel issued a Conditional Transfer Order identifying this case as a tag along action on October 11, 2011.

Plaintiffs have filed an opposition to Depuy's motion to stay and separately filed a motion to remand. In their motion, Plaintiffs dispute Depuy's allegations of fraudulent joinder, and argue that removal jurisdiction is a preliminary matter that should be adjudicated by this Court. Depuy, however, contends that the issue of whether Schmalzried was fraudulently joined will be resolved in the MDL proceeding, and that the Court should therefore decline to resolve the issue in this action.

---

[1] MDL No. 2244 is pending before the Honorable James E. Kinkeade of the United States District Court for the Northern District of Texas.

## II. LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). In MDL cases, the Court is not required to stay an action pending a transfer order by the MDL Panel. J.P.M.L., R. 2.1(d), 28 U.S.C. foll. § 1407. Rather, the decision to grant a stay is within the district court's discretion. See In re iPhone App. Litig., No. C 10-5878 LHK, 2011 WL 2149102, at *2 (N.D. Cal. May 31, 2011). In determining whether to stay proceedings, the district court should consider three factors: (1) conserving judicial resources and avoiding duplicative litigation; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party if the action is stayed. Id. at *2; see also Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

## III. DISCUSSION

### A. Judicial Economy

A stay is generally granted pending transfer when it would avoid the needless duplication of work and the possibility of inconsistent rulings. See Rivers, 980 F. Supp. at 1360-1361. Deference to the MDL Panel is especially appropriate where the remand motion "raises issues likely to arise in other actions pending the in the MDL transferee court." Conroy v. Fresh Del Monte Produce, Inc., 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004); Nielson v. Merck & Co., No. C 07-0076 MJJ, 2007 WL 806510, at *2 (N.D. Cal. Mar. 15, 2007) (granting motion to stay to allow the MDL to consider similar motions to remand filed in other MDL cases).

Here, the Court finds that the interests of judicial economy and avoiding inconsistent rulings favor staying the instant action to permit the MDL to resolve the issue of whether Schmalzried is a fraudulently joined defendant. To date, over 200 cases involving DePuy and the Pinnacle Cup System have been transferred to MDL No. 2244, and at least 36 cases have been stayed by district courts pending transfer. Mot. to Stay at 3. Schmalzried is a

1  named defendant in seventeen of the cases that have been transferred to MDL No. 2244,
2  and Judge Kinkeade has set a briefing schedule on a remand motion in at least one of those
3  cases, Greenberg v. DePuy Orthopaedics, Inc. See Reply at 4, Ex. 5, Electronic Order
4  Setting Deadlines.  As such, it is apparent that Plaintiffs' remand motion "raises issues
5  likely to arise in other actions pending the in the MDL transferee court."  Conroy, 325 F.
6  Supp. 2d at 1053.  Notably, other district courts in California considering the issue of
7  Schmalzried's fraudulent joinder have chosen to impose a stay and allow the remand issue
8  to be resolved in the MDL proceeding.  See Freisthler v. DePuy Orthopaedics, Inc., No. CV
9  11-6580 DSF, 2011 WL 4469532, at *1 (C.D. Cal. Sept. 21, 2011); Nichols v. DePuy
10 Orthopaedics, Inc., No. C 11-4748 JW, 2011 WL 5335619, at *1 (N.D. Cal. Nov. 2, 2011);
11 Lingle v. DePuy Orthopaedics, Inc., No. 11cvl486 L(MDD), 2011 WL 5600539, at *1
12 (S.D. Cal. Nov. 17, 2011).[2]

### B.     Hardship and Prejudice

The remaining two factors germane to a stay request also weigh in favor of staying the action.  Plaintiffs do not specifically allege that they will be prejudiced or suffer any particular hardship from a stay pending resolution on the transfer.  In addition, since the MDL Panel has issued a Conditional Transfer Order, any delay and corresponding prejudice in resolving the remand issue will be minimal.  In contrast, the potential burden of engaging in duplicative litigation weighs heavily in favor of staying these proceedings pending MDL transfer.  See Barnes v. Equinox Group, Inc., C 10-03586 LB, 2010 WL 5479624, at *3 (N.D. Cal. Dec. 30, 2010); Nielson, 2007 WL 806510, at *2 ("absent a stay, [defendant] would suffer prejudice from being forced to litigate the same jurisdictional issues in multiple forums").  Accordingly, the Court finds that the potential hardship to DePuy from proceeding with the action outweighs the potential prejudice to Plaintiffs resulting from a stay.

---

[2] Plaintiffs cite this Court's decision in Conroy as support for their contention that preliminary scrutiny should be given to their motion to remand. Opp'n at 3. Unlike the present action, however, Conroy did not involve a situation where the jurisdictional issues presented were identical to those being raised in the MDL.  Thus, Conroy is inapposite.

## IV. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. DePuy's Motion for Stay is GRANTED. All proceedings in this action are STAYED and all current deadlines are VACATED pending transfer of the action to MDL No. 2244.

2. Plaintiffs' Motion to Remand is DENIED without prejudice.

3. This Order terminates Dockets 5 and 24.

IT IS SO ORDERED.

Dated: December 13, 2011

SAUNDRA BROWN ARMSTRONG
United States District Judge